## In re Anonymous 1 D.B. 80

Disciplinary Board Docket no. 15 D.B. 79.

Report and Recommendation of The Disciplinary Board of The Supreme Court of Pennsylvania

KRAWITZ, *Member,* March 12, 1982 —

## I. STATEMENT OF THE CHARGES

Respondent, an attorney admitted to the practice of law in the Commonwealth of Pennsylvania, with her office located at [   ], in the City and County of [   ], Pa., has been charged in the above entitled petitions by petitioner, Office of Disciplinary Counsel, with violation of various Disciplinary Rules of the Code of Professional Responsibility and as follows:

A. D.R. 1-102(A)(6) — Dealing with conduct that adversely reflects on fitness to practice law;

B. D.R. 2-110(B)(4) — Dealing with mandatory withdrawal from employment where an attorney is discharged by a client;

C. D.R. 6-101(A)(3) — Dealing with neglect by an attorney of a legal matter entrusted to the attorney's care;

D. D.R. 7-101(A)(1) — Dealing with failing to seek lawful objectives of a client by reasonably available means;

E. D.R. 7-101(A)(2) — Dealing with failing to carry out a contract of employment;

F. D.R. 7-101(A)(3) — Dealing with prejudicing or damaging a client during the course of the professional relationship;

G. D.R. 9-102(B)(4) — Dealing with failure to deliver to the client properties in the possession of the lawyer which the client is entitled to receive;

H. D.R. 1-102(A)(5) — Dealing with conduct which is prejudicial to the administration of justice.

## II. HISTORY OF THE PROCEEDINGS

Three petitions were filed, to wit, June 25, 1979, August 21, 1979, and January 2, 1980, by the Office of Disciplinary Counsel as petitioner, against the within respondent embodying in the three petitions all the above mentioned charges. No answers to any of the three petitions were filed thereto by respondent.

The matter was assigned to hearing committee [   ] which thereafter held formal hearings on April 24, 1980, November 3, 1980, and December 10, 1980. Respondent admitted to the allegations of the petitions for Discipline and stipulated to the admissions of the exhibits in the record. No briefs were filed.

## III. FINDINGS OF FACT

1. That respondent attended college at Penn State-Ogontz and Temple University, and graduated from Villanova Law School in 1966.

2. That respondent went into practice with what is now [   ] until early in 1968.

3. That respondent then went to practice in the office of [   ], until she became a solo practitioner on September 19, 1969.

4. That respondent is an alcoholic who has not had a drink since November 19, 1979.

5. That respondent's chronic stage of alcoholism started in 1969 and by 1979 she was consuming a fifth of rum or sloe gin as well as one to two bottles of wine each day.

6. That respondent reached a point where she was incapable of functioning. She did not sleep; her mind was in a fog; she could not answer the phone or read the mail.

7. That neglect of client's affairs is a common result of alcoholism in lawyers.

8. That in early November, 1979, Assistant Disciplinary Counsel [  ] referred respondent to the committee for assistance of lawyers impaired by alcohol or drugs (hereinafter lawyers committee).

9. That under the sponsorship of [A], respondent joined Alcoholics Anonymous and attends meetings throughout the week with different groups.

10. That respondent has turned over the cases which have been neglected due to her alcoholism to [B], Esq., her sponsor in the lawyer's committee.

11. That the lawyer's committee has existed in [   ] for three years and presently has between 50 to 60 members.

12. That for lawyers who do not take a drink for three to six months, the lawyer's committee has over a 90 percent success rate in keeping them sober.

13. That respondent became involved in working with troubled youths in 1966 and along with several others, developed an environmental school, two live-in drug rehabilitation centers, nine group homes and a work program for ex-convicts and ex-drug addicts.

14. That respondent is separated from her husband and has two teenage foster children.

15. That in the past 12 years respondent has been involved in raising 26 foster children.

## IV. HEARING COMMITTEE RECOMMENDATION AND REASONS THEREFOR

Following the hearing on this matter, hearing committee [   ] decided that respondent violated

the following Disciplinary Rules of the Code of Professional Responsibility:

A. D.R. 1-102(A)(6)—Dealing with conduct that adversely reflects on fitness to practice law;

B. D.R. 2-110(B)(4) — Dealing with mandatory withdrawal from employment where an attorney is discharged by a client;

C. D.R. 6-101(A)(3)—Dealing with neglect by an attorney of a legal matter entrusted to the attorney's care;

D. D.R. 7-101(A)(2) — Dealing with failing to carry out a contract of employment;

E. D.R. 9-102(B)(4)— Dealing with failure to deliver to the client properties in the possession of the lawyer which the client is entitled to receive;

F. D.R. 1-102(A)(5) — Dealing with conduct which is prejudicial to the administration of justice.

The committee did not find that respondent was in violation of:

A. D.R. 7-101(A)(1) — Dealing with failing to seek lawful objectives of a client by reasonably available means;

B. D.R. 7-101(A)(3) — Dealing with prejudicing or damaging a client during the course of the professional relationship.

The Assistant Disciplinary Counsel recommended "public censure" as the appropriate punishment in this matter. The hearing committee unanimously accepted the recommendation of Disciplinary Counsel and recommended public censure of respondent.

## V. CONCLUSIONS OF LAW

Respondent has violated the following Disciplinary Rules of the Code of Professional Responsibility:

A. D.R. 1-102(A)(6);
B. D.R. 2-110(B)(4);
C. D.R. 6-101(A)(3);
D. D.R. 7-101(A)(2);
E. D.R. 9-102(B)(4);
F. D.R. 1-102(A)(5).

The Disciplinary Board finds that respondent did not violate Disciplinary Rules of the Code of Professional Responsibility, to wit:

A. D.R. 7-101(A)(1);
B. D.R. 7-101(A)(3).

# VI. PRIOR RECORD

Respondent has a prior record of disciplinary proceedings filed against her as follows:

A. An informal admonition administered on January 21, 1975 — File no. C [   ]-74-587;

B. An informal admonition administered on November 13, 1975 — File no. C [   ]-75-93;

C. An informal admonition administered on October 21, 1977 — File no. C [   ]-77-246;

D. An informal admonition administered on January 19, 1978 — File no. C [   ]-77-287;

E. An informal admonition administered on September 28, 1978 — File no. C [   ]-78-82;

F. An informal admonition administered on November 14, 1979 — File no. C [   ]-79-267;

G. On January 18, 1980, Charles V. Henry, III, Chairman of the Disciplinary Board of the Supreme Court of Pennsylvania administered a private reprimand to respondent, she having been found guilty of neglecting a legal matter entrusted to her. Said proceedings to be found at 41 D.B. 78.

The Disciplinary Proceedings arose out of various and similar violations of Disciplinary Rules involving different clients of respondent and in the

main, neglect of client's matters and during the same general period from 1978 to 1980.

## VII. DISCUSSION

No answers were filed to the allegations set forth in the three petitions for discipline. The sole defense to the conduct of respondent was chronic alcoholism starting in 1969 and continuing until November of 1979 when respondent started a course of rehabilitation through the efforts of the Pennsylvania bar committee for assistance of lawyers impaired by alcohol or drugs and alcoholics anonymous. The evidence is replete with respondent's conduct while under the influence of alcohol resulting in depression and impairment of judgment and diminished capacity in relation to handling of client's matters. Accordingly, the board finds that respondent violated the various disciplinary rules as set forth in the conclusions of law above.

It is further evident that these violations and the violations that resulted in the informal admonitions and the private reprimand arose out of the same general period of chronic alcoholism and the hearing committee considered the same in recommending the discipline to be imposed.

The evidence further indicates that to the date of the hearing committee report and the continuing assistance of the committee, that the rehabilitation of respondent has occurred and will continue and will allow her to resume a responsible legal practice. The hearing committee found five other matters that needed attention, but did not draw any conclusion and did not consider these matters in determining the discipline to be imposed. This board accepts the conclusion of the committee as to

the additional matters and recommends that these additional matters be directed to Disciplinary Counsel for further investigation.

## VIII. RECOMMENDATION

The board recommends a public censure with probation of respondent by the Supreme Court under supervision to be provided by the Disciplinary Board, said probation to be for a period of three years from the date of the final order of the Supreme Court of Pennsylvania.

Messrs. Robert C. Daniels and John M. Elliot did not participate in the adjudication.

## ORDER

O'BRIEN, *C.J.*, And now, June 25, 1982, upon consideration of the report and recommendation of the Disciplinary Board dated March 12, 1982, it is hereby ordered that [respondent] be subjected to public censure by the Supreme Court at the session of court commencing October 18, 1982, in Philadelphia.